UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

    Plaintiff,

v.

TIM THRASHER, *et al*,

    Defendants.

CASE NO. 3:20-cv-05968-TSZ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: November 20, 2020

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A)–(B), and local Magistrate Judge Rules MJR1, MJR3, and MJR4.

Plaintiff, who proceeds *pro se* and *in forma pauperis*, seeks a temporary restraining order ("TRO") and preliminary injunction prohibiting six defendants from enforcing a "no reading material sanction" and directing them to return plaintiff's reading materials, including legal publications that they have allegedly confiscated. Dkt. 11, at 1. But no defendants have appeared in this action, and the Court has only recently directed service of the complaint.

Defendants have not received any notice of the motion for a TRO/preliminary injunction, so that the undersigned recommends that the motion be stricken from the docket without prejudice to later re-filing and without reaching the merits of plaintiff's motion.

## BACKGROUND

On September 29, 2020, plaintiff initiated this matter by filing an incomplete application to proceed *in forma pauperis* ("IFP") and proposed complaint. Dkt. 1; *see also* Dkt. 4 (informing plaintiff that a more current copy of his prison account statement was required). Before completing his IFP application, plaintiff also filed a motion for leave to file an amended complaint and the pending motion for a TRO/preliminary injunction. *See* Dkts. 6, 7. On October 28, 2020, the Court granted plaintiff's motions to proceed IFP and to amend his complaint. *See* Dkts. 8, 10. The Court also directed service of the amended complaint on October 30, 2020. *See* Dkt. 15. No defendant has yet appeared in this action, and the time for defendants to file service waivers or respond to the complaint has not passed.

In the operative complaint, plaintiff, who states that he is currently incarcerated at Pierce County Jail (Dkt. 9, at 2), brings claims against a variety of DOC officials and staff, including employees of Stafford Creek Corrections Center ("SCCC"). Dkt. 9, at 35. Pertinent to the pending motion for a TRO/preliminary injunction, plaintiff alleges that certain defendants illegally enforced a "no reading material sanction" preventing all incoming publications and confiscating various of plaintiff's reading materials as retaliation for plaintiff's ongoing lawsuits.

In support of his request for a TRO/preliminary injunction, plaintiff claims that on October 13, 2020, defendants L'Heureux, Baltzell, and Stroup placed him on the no reading material sanction. Dkt. 12, at 2. Plaintiff requests that the Court order defendants Tim Thrasher, Dr. Karie Rainer, Baltzell, Haynes, Stroup, and L'Heureux to show cause why the Court should

not order them to "immediately take plaintiff off this 'no reading material sanction' and . . . return all of plaintiff['s] legal books, legal newspapers, personal books, magazines, and newspapers[,] which ha[ve] all been illegally seized by the defendants out of retaliation. . . ." Dkt. 11, at 1 (capitalization removed). Plaintiff states that his incoming mail—including legal mail—is being withheld. Dkt. 12, at 2. And plaintiff states that he seeks return of his copies of Black's Law Dictionary, prisoner self-help litigation manuals, and Prison Legal News. Dkt. 12, at 1. He claims that without access to the confiscated materials, he is suffering irreparable harm to his ability to litigate the matter *pro se*. Dkt. 12, at 1–2.

## DISCUSSION

The Court will not order a TRO to issue without written or oral notice to the adverse parties or their attorney unless special circumstances exist. *See* Fed. R. Civ. P. 65(b)(1). Those circumstances are enumerated in Federal Rule of Civil Procedure 65:

> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiff has shown neither circumstance here.

First, plaintiff claims that the harm he is suffering is his inability to represent himself as a *pro se* litigant since certain defendants have allegedly seized his legal books and are preventing incoming publications and physical legal mail. Dkt. 7, at 2. But at present, there is nothing for plaintiff to do in this matter. The Court has directed service of his amended complaint and is awaiting action from defendants. The Court has not ordered plaintiff to take any particular action, and this litigation does not require any action from plaintiff to proceed, at this time.

1    Plaintiff appears to claim harm because in addition to losing his legal books, his
2 incoming mail is restricted.  It is unclear to the Court whether plaintiff is also claiming that he
3 cannot litigate this matter because he is not receiving Court orders.

4    However, the Court notes that plaintiff is housed at an institution that participates in the
5 Court's prison E-filing program—so that plaintiff does not receive Court documents through the
6 postal service.  And plaintiff appears to be receiving Court orders even after he claims that he
7 was placed on the "no reading material sanction" on October 13, 2020.  *See* Dkt. 12, at 2.  On
8 October 20, 2020, plaintiff filed objections to a report and recommendation that the undersigned
9 issued on October 13, 2020.  *See* Dkts. 34, 35, *Michael Denton v. Ron Haynes*, 3:20-cv-05066-
10 BHS (W.D. Wash.).

11    In short, the undersigned concludes that plaintiff has not shown immediate and
12 irreparable injury, loss, or damage that will occur before the adverse parties can be heard in
13 opposition.

14    To obtain a TRO without giving notice to defendants, plaintiff must also certify efforts to
15 give notice to defendants and explain why notice should not be required.  *See* Fed. R. Civ. P.
16 65(b)(1)(B).  To date, he has not done that, either.  Plaintiff does not explain why notice should
17 be dispensed with.  And he does not state that he has made any efforts to give notice to
18 defendants of his motion for a TRO—indeed, he asks that the Court do this.  Dkt. 11, at 5; *see*
19 *also Zepeda v. United States Immigration and Naturalization Serv.*, 753 F.2d 719, 727 (9th
20 Cir. 1983) ("A federal court may issue an injunction [only] if it has personal jurisdiction over the
21 parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights
22 of persons not before the court."); Fed. R. Civ. P. 65(d) (persons bound by injunction).

23
24

Thus, the request for a TRO is, at present, premature. *Accord* Dkt. 5, *Steiner v. Hammond et al.*, 3:13-cv-05120-RBL (W.D. Wash. March 4, 2013) (recommending striking motion for TRO where complaint had recently been served and no defendant had appeared). Similarly, a preliminary injunction cannot issue because no defendant has been given notice. *See* Fed. R. Civ. P. 65(a)(1). Therefore, plaintiff's motion should be stricken from the docket.

Plaintiff should not renew his motion unless the defendants who are the target of his TRO/preliminary injunction have appeared in this matter and are subject to the jurisdiction of the Court. He must also comply with the requirements of Fed. R. Civ. P. 65, as discussed above. Plaintiff should keep in mind that any issues raised in any such motion must be related to the issues raised in his complaint and he must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008).

## CONCLUSION

The undersigned recommends that plaintiff's motion for TRO/preliminary injunction (Dkt. 11) be stricken from the docket with leave to re-file at an appropriate later date, as outlined in this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 20,**
2 | **2020,** as noted in the caption.

Dated this 30th day of October, 2020.

J. Richard Creatura
United States Magistrate Judge