UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

  Plaintiff,

  v.

TIM THRASHER *et al*.,

  Defendants.

CASE NO. 3:20-cv-05968-TSZ-JRC

ORDER DENYING ENTRY OF DEFAULT AND GRANTING EXTENSION

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court are plaintiff's motions for entry of default against defendant Tim Thrasher ("Thrasher") (Dkt 50) and for an extension of the time to respond to defendants' pending motion to dismiss (Dkt. 49). Defendants have responded to the default motion (Dkt. 52) but not the request for an extension; plaintiff has not replied.

Plaintiff's default motion is procedurally defective and lacks a legal basis in light of defendant Thrasher's appearance and joinder in the other defendants' pending motion to dismiss;

the Court therefore denies it. Plaintiff's motion for an extension sets forth reasonable grounds and is therefore granted.

## I. DISCUSSION

### A. Motion for Entry of Default

Plaintiff seeks the entry of default against Thrasher, who is one of 23 defendants in this case, on the ground that Thrasher did not respond to this Court's October 30, 2020 order directing service until January 7, 2021—which exceeds the thirty-day deadline for filing a waiver of service and the sixty-day deadline for defendants who have timely waived service to file a defense. Dkt. 49. Thrasher opposes the motion on the procedural ground that it was improperly filed without required prior notice after counsel had appeared on Thrasher's behalf, and on the substantive ground that Thrasher has filed a defense by virtue of joining the pending motion to dismiss.

Defendants are correct. Where an allegedly defaulting party has entered an appearance, the party moving for default "must give the defaulting party written notice of the requesting party's intention to move for the entry of default at least fourteen days prior to filing its motion and must provide evidence that such notice has been given in the motion for entry of default." Local Rules, Western District of Washington, LCR 55(a). Plaintiff has not done so here and thus has not followed the necessary procedure to obtain entry of default. Dkt. 53.

Furthermore, default is not substantively appropriate. Default may be entered where a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55. Here, Thrasher has filed a joinder in a pending motion to dismiss. Dkt. 48. Filing a motion dismiss suspends the requirement to file an answer. Fed. R. Civ. P. 12(a)(4). While Thrasher's response was not timely, default is disfavored and "whenever it is reasonably possible cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). *See also Eitel v. McCool,*

782 F.2d 1470, 1472 (9th Cir.1986) (holding late-filed responsive pleading justified denial of default judgment). Plaintiff has not yet responded to the motion to dismiss, which was timely filed by most defendants, and has not been prejudiced by Thrasher's tardy joinder.

Plaintiff has failed to follow the procedural requirements for default and there is no substantive basis for finding Thrasher to be in default. Plaintiff's motion for entry of default is therefore denied.

**B.  Motion for Extension**

Plaintiff seeks a 30-day extension of the time to respond to defendants' pending motion to dismiss, contending that he received late notice of the motion due to COVID 19-related delays at the facility in which he is confined. Dkt. 49. Defendants no filed any response to plaintiff's motion; the failure to respond is considered an admission that the motion has merit. Local Rules, W.D. Wash., LCR 7(b)(2). Plaintiff's request is reasonable under the circumstances and is granted.

## II. ORDER

It is therefore **ORDERED** as follows:

1. Plaintiff's motion for entry of default (Dkt. 50) is **denied**; and

2. Plaintiff's motion for an extension (Dkt 49) is **granted**; plaintiff shall file his response to defendants' motion to dismiss on or before February 22, 2021 and the Clerk shall re-note the motion to dismiss (Dkt. 44) for February 26, 2021.

Dated this 25th day of January, 2021.

J. Richard Creatura
United States Magistrate Judge