UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

              Plaintiff,

    v.

TIM THRASHER, *et al.*,

              Defendants.

CASE NO. 3:20-cv-05968-TSZ-JRC

REPORT AND RECOMMENDATION

NOTED FOR: September 17, 2021

      The District Court has referred this 42 U.S.C. § 1983 civil rights matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A)–(B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff's "motion to intervene," which the Court interprets as a motion for preliminary injunctive relief, is before the Court. Dkt. 63.

      Among the considerations applicable to a motion for preliminary relief is whether the motion seeks relief related to a claim brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). This principle is dispositive of the pending motion for the reasons discussed below.

1       Plaintiff instituted this matter in September 2020, when he was incarcerated at the Stafford Creek Corrections Center ("SCCC"). Dkt. 1. Plaintiff brought a variety of claims, including a claim that housing him in solitary confinement violated his constitutional rights and Title II of the Americans with Disabilities Act. *See* Dkt. 14, at 3–4. His other claims pertained to alleged retaliation against him by SCCC corrections officers and related wrongdoing by the SCCC superintendent and DOC supervisors (Dkt. 14, at 8–11); failure to provide him with medical marijuana (Dkt. 14, at 13–16); retaliation by denying him access to various prison services and activities (Dkt. 14, at 17–19); a ban on sexually explicit materials (Dkt. 14, at 19–21); and a "no reading material" disciplinary sanction. Dkt. 14, at 23–24.

      In June 2021, pursuant to the undersigned's Report and Recommendation regarding defendants' motion to dismiss, the District Court dismissed all of plaintiff's claims except his solitary confinement claim. *See* Dkt. 61, at 2. Although the District Court granted plaintiff permission to amend his complaint regarding certain claims, plaintiff failed to timely do so. *See* Dkt. 61, at 2. Therefore, as it currently stands, plaintiff's lawsuit brings a claim only related to his placement in solitary confinement. He brings that claim against DOC officials Tim Thrasher, Karie Rainer, and Scott Frakes, and against SCCC staff Stephanie Baltzell and William Barr. *See* Dkt. 14, at 3–4.

      In his pending "motion to intervene," plaintiff alleges that Monroe Corrections Center ("MCC") staff employees have attacked him, refused to send his legal mail, and are otherwise retaliating against him for separate litigation in this Court, including denying him recreation time and showers at MCC. *See* Dkt. 63, at 1, 5. He specifically names Mark Bergquist (allegedly a corrections officer who said that plaintiff would no longer be able to send legal mail to this Court) and MCC employee Dominique Kastle. Dkt. 63, at 1, 4.

REPORT AND RECOMMENDATION - 2

However, neither Berquist, Kastle, nor any MCC employee are defendants in this lawsuit. Nor are the claims regarding MCC staff attacking plaintiff, retaliating against him, or interfering with his legal mail part of this lawsuit, which now concerns solely plaintiff's solitary confinement claim pertaining to his time at SCCC. *See* Dkt. 59, at 8–11 (explaining the distinction between plaintiff's solitary confinement claim in this lawsuit and in his other two pending lawsuits). Nor do these claims pertain to the claims that were previously dismissed with leave to amend. *See* Dkt. 61, at 2. Plaintiff's allegations in the "motion to intervene" additionally appear to seek relief from persons who are not defendants in this lawsuit, so that the Court lacks jurisdiction to grant plaintiff's requested relief. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).

For these reasons, the District Court should deny the "motion to intervene," which should be construed as a motion for preliminary injunctive relief.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 17, 2021,** as noted in the caption.

Dated this 1st day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge