UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

    Plaintiff,

v.

TIM THRASHER, *et al.*,

    Defendants.

CASE NO. 3:20-cv-05968-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: January 28, 2022

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. This matter is before the Court on plaintiff's motion to dismiss his civil suit without prejudice so that he may exhaust the grievance process related to "one of" his grievances in this lawsuit. Dkt. 83, at 1.

Defendants do not object to dismissal, but they ask that the Court dismiss all but one claim with prejudice. Dkt. 84. For the reasons discussed herein, the Court agrees in part and recommends that the dismissal be with prejudice as to claims that have already been dismissed with prejudice—specifically, claims III and V—but otherwise that all claims be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Plaintiff brought six claims against various Stafford Creek Corrections Center ("SCCC") and Department of Corrections ("DOC") staff. Dkt. 14. His claims are summarized below.

Claim I alleged that defendants Tim Thrasher (DOC housing administrator), Karie Rainer (DOC mental health director), Stephanie Baltzell (SCCC max custody unit manager), William Barr (SCCC unit counselor), and Scott Frakes (DOC deputy director) violated plaintiff's Fifth, Eighth, and Fourteenth Amendment rights and Title II of the Americans with Disabilities Act ("ADA") by failing to release plaintiff from solitary confinement in disregard of a mental health evaluation diagnosing plaintiff with multiple conditions resulting in part from long term solitary confinement. Dkt. 14, at 3–4. Plaintiff also claimed that defendants were holding him indefinitely in maximum custody classification and solitary confinement in retaliation for other pending lawsuits he brought against prison and DOC staff. Dkt. 14, at 3–4.

Claim II alleged that SCCC Corrections Officers T. Sharp, Troy Aidan, Wyatt Hull, Sergeant Vincent Stroup, Mario Fernandez, Gabe Forrest, Donald Evans, Kern Tyler, A. Collechi, Joshua Sutherby, Karlyanne Roberts-Green and Snyderwease (collectively, the "Corrections Officer Defendants") addressed plaintiff with racial slurs and insults and filed false reports of assaults for purposes of financial gain from an outside organization supporting officers who are victims of assault, all in retaliation for plaintiff's prior lawsuits and grievances. Dkt. 14, at 8–11. Plaintiff further alleged that defendant Ron Haynes (SCCC Superintendent) failed to respond to plaintiff's grievances complaining of falsified assault infractions, and that Haynes, together with DOC supervisors Frakes, Russell and Sinclair knew about the falsified reports and failed to stop them. Dkt. 14, at 11.

Claim III alleged that defendants Rainer, Frakes, Russell, and Haynes, together with "Dr. Peterson" (an unserved defendant later dismissed from the action), denied plaintiff medical marijuana in the form of THC pills for his Post Traumatic Stress Disorder ("PTSD") and headaches in violation of the Eighth and Fourteenth Amendments. Dkt. 14, at 13–16; *see also* Dkt. 61, at 2.

Claim IV alleged that defendants Baltzell, Frakes, Haynes and Corrections Officer Kern Tyler enforced sanctions denying plaintiff access to commissary items, JPay, visitation, telephone and weightlifting, in retaliation for plaintiff's pending lawsuits and grievance filings. Dkt. 14, at 17–19.

Claim V contended that SCCC Superintendent Ron Haynes and SCCC mail room officer Bill Tuffree violated plaintiff's First Amendment rights by enforcing a DOC ban on sexually explicit materials, which resulted in the rejection of magazines, catalogues, and photos of plaintiff's girlfriend. Dkt. 14, at 19–21.

Finally, plaintiff's Claim VI asserted that Superintendent Haynes, Sergeant Stroup, counselor Baltzell, and SCCC disciplinary hearings officer L'Heureux violated plaintiff's First Amendment rights by issuing and enforcing a "no reading material" disciplinary sanction, pursuant to which plaintiff was deprived of all incoming books and periodicals. Dkt. 14, at 23. Plaintiff also alleged that, as a result of this sanction, SCCC staff confiscated and destroyed books, publications and legal documents from his cell in violation of the Fourteenth Amendment and in retaliation for plaintiff's pending lawsuits. Dkt. 14, at 24.

Upon the undersigned's Report and Recommendation, the District Court dismissed claims III, V, and "any standalone claims for name calling/ethnic slurs and false accusations within Claim II" without leave to amend. Dkt. 61, at 2. The District Court also dismissed

REPORT AND RECOMMENDATION - 3

plaintiff's equal protection and retaliation claims in Claim II, his retaliation allegations in Claims IV and VI, and his Fourteenth Amendment allegations in claim VI with leave to amend, giving plaintiff 30 days to file an amended complaint. Dkt. 61, at 2. The District Court did not dismiss claim I. Dkt. 61, at 2.

Plaintiff did not amend his complaint and has now filed the pending motion to dismiss the matter without prejudice. Dkt. 83.

**DISCUSSION**

A motion for voluntary dismissal should be granted unless plain legal prejudice to defendants will result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Defendants do not oppose dismissal, so that no plain legal prejudice is apparent, and the motion for voluntary dismissal should be granted.

The Court turns to the more difficult issue of whether that dismissal should be with or without prejudice.

Fed. R. Civ. P. 41(a)(2) governs here, stating—

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court consider proper. . . . Unless the order states otherwise, a dismissal under [this portion of Rule 41] is without prejudice.

Under this rule, a court has authority to dismiss a case *with prejudice* even if a plaintiff has sought dismissal *without prejudice* under Rule 41(a) and over the plaintiff's objection. *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995), *cited in Microhits, Inc. v. Deep Dish Prods., Inc.*, 510 F. App'x 611, 612 (9th Cir. 2013).

When deciding whether a dismissal should be with or without prejudice, district courts in this Circuit have looked to whether it would be inequitable or prejudicial to defendant to allow

plaintiff to refile the action. *Williams v. Peralta Community College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). Three general considerations may be considered: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443–44 (N.D. Cal. 1993) (internal quotation marks and citation omitted); *e.g.*, *Self v. Equinox Holdings, Inc.*, No. CV1404241MMMAJWX, 2015 WL 13298146, at *13 (C.D. Cal. Jan. 5, 2015) (applying these factors); *see also* Conditional dismissal, *2 Motions in Federal Court* § 8:30 (3d ed.) (listing similar factors).

As defendants point out, certain of plaintiff's claims have already been dismissed with prejudice—specifically, his claims related to denial of medical marijuana (Claim III) and the policy about sexually explicit materials (Claim V). Dkt. 59, at 2, 11. Dismissal of these claims should therefore be with prejudice.

Although defendants argue that any standalone claims for name calling/ethnic slurs and false accusations within claim II have been dismissed with prejudice (Dkt. 84, at 3), this is not accurate. The Report and Recommendation and the Order Adopting both indicate that these claims are dismissed without leave to amend, only, which is not the same as dismissal with prejudice. Dkt. 59, at 11, 22; Dkt. 61, at 2.

Thus, claims other than claims I (which survived the motion to dismiss), III, and V have been dismissed without prejudice. Nevertheless, as noted above, the Court may still recommend that the remaining claims be dismissed with prejudice, over a plaintiff's objection. Applying the relevant factors, the Court declines to recommend dismissal of these remaining claims with prejudice.

First, although defendants have litigated a motion to dismiss (Dkt. 44) and provided various declarations and evidence in response to plaintiff's "motion to intervene" (*see* Dkts. 67–71), the discovery and dispositive motions filing deadlines have not yet passed. No summary judgment motions have been filed. A trial date is not scheduled. This is not a case where defendants have expended such an amount of time "preparing for trial" as to justify dismissal with prejudice. *See Burnette*, 828 F. Supp. at 1443.

Second, regarding "excessive delay and lack of diligence" (*Burnette*, 828 F. Supp. at 1443–44), plaintiff asserts that he made a mistake regarding whether he has exhausted the grievance process. Defendants argue that plaintiff has delayed prosecuting this action by failing to timely amend his complaint. Dkt. 84, at 3. They are correct that plaintiff violated a court order requiring him to file an amended complaint. *See* Dkt. 61 (plaintiff "shall file" an amended complaint). But the Court did not impose any sanctions when plaintiff failed to do so, instead requiring defendants to respond to the remaining claim. *See* Dkt. 75. There has been no warning to plaintiff that his failure to amend would result in dismissal of any of his claims with prejudice. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("Failure to warn has frequently been a contributing factor in our decisions to reverse orders of dismissal." (Internal citation and quotation marks omitted)).

Third, regarding the sufficiency of the explanation for a dismissal (*Burnette*, 828 F. Supp. at 1444), plaintiff has explained why he requests dismissal—so that he can exhaust a grievance. As defendants point out, it is not clear what claims the allegedly unexhausted grievance relate to. *See* Dkt. 83; Dkt. 84, at 3. But this counsels in favor of allowing dismissal without prejudice of all the remaining claims, as well, since the Court cannot ascertain with certainty the claims for which the allegedly unexhausted grievance is relevant.

Plaintiff proceeds *in forma pauperis*. Dkt. 8. Because appeal from this matter would be frivolous, the undersigned recommends that plaintiff's IFP status be revoked for purposes of any appeal.

**CONCLUSION**

For the reasons set forth above, the Court recommends that the motion for voluntary dismissal be granted. Dkt. 83. All claims should be dismissed without prejudice, except that claims III and V should be dismissed with prejudice. For purposes of any appeal, plaintiff's IFP status should be revoked

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 28, 2022,** as noted in the caption.

Dated this 13th day of January, 2022.

J. Richard Creatura
Chief United States Magistrate Judge